IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. SANTIAGO MARRON, Defendant. | CR 20–02–M–DWM–1 ORDER |

A telephonic status conference was held in this matter on March 19, 2020 to address the need to reset this case for jury trial in light of Administrative Order 20-14. The parties indicated that while the social distancing restrictions imposed in light of the current public health crisis have impacted their ability to prepare for trial, issues specific to discovery and trial preparation unique to this case warrant an ends of justice continuance under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7). The Court agrees.

A district court may grant a continuance and exclude the time period from the calculation of the speedy trial deadline when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). In determining whether an "ends of justice" continuance is appropriate, a district court must consider, *inter alia*, whether the

1

failure to grant the continuance would be likely to make a continuation of such proceeding impossible or would result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the failure to grant the continuance in a case that is not unusual or complex would nonetheless deny counsel the reasonable time necessary for effective preparation. *Id.* § 3161(h)(7)(B). An ends of justice continuance must be specifically limited in time and must be justified on the record by the facts as of the time the continuance is granted. *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). The time is properly excluded only if the court makes findings pursuant to § 3161(h)(7). *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

During the March 19 conference, counsel for the defendant indicated outstanding discovery and trial preparation needs that require an extended trial schedule. Counsel stated that he will need to follow up on the codefendant's change of plea; he has sought additional discovery related to fingerprinting; and he needs to coordinate with numerous witnesses located in Utah. Moreover, counsel for the government stated that government witnesses may include lab technicians from the San Francisco area. Virus-related travel restrictions have made such travel difficult, if not impossible. A three-month continuance is therefore warranted, as anything shorter would deny counsel for both parties "the reasonable

2

time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

Accordingly, IT IS ORDERED that:

(1) The following schedule will govern all pretrial procedures in this case:

- Trial Date[1]: **<u>July 14, 2020; 9:00 a.m.</u>**
  Russell Smith Courthouse
  Missoula, Montana

- Motions deadline (including
  motions in limine): June 2, 2020

- Response deadline: June 18, 2020

- Plea agreement deadline: July 2, 2020

- JERS deadline (*see* ¶ 22): July 6, 2020

- Jury instructions and
  trial briefs deadline: July 8, 2020

This schedule must be strictly adhered to by the parties. The January 29, 2020 Scheduling Order (Doc. 39) remains in full force and effect in all other respects.

(2) The time between now and July 14, 2020, is excluded from the calculation of the speedy trial deadline pursuant to 18 U.S.C. § 3161(h)(7). Per the parties' discussion at the March 19 conference, **the defendant is directed to file his brief in support of an ends-of-justice continuance on or before March 23,**

---

[1] Counsel shall appear in chambers a half hour before the scheduled trial time.

**2020**, providing a comprehensive discussion of the case-specific grounds for the continuance. If the defendant agrees, counsel for the defendant shall file a written speedy trial waiver at his earliest convenience.

DATED this 19th day of March, 2020.

Donald W. Molloy, District Judge
United States District Court