IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20–02–M–DWM–1 |
| Plaintiff, | |
| vs. | ORDER |
| SANTIAGO MARRON, | |
| Defendant. | |

Defendant Santiago Marron moves unopposed for a continuance of the trial date in this case until December. Trial is currently set for July 14, 2020.

A district court may grant a continuance and exclude the time period from the calculation of the speedy trial deadline when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice" continuance is appropriate, a district court must consider, *inter alia*, whether the failure to grant the continuance would be likely to make a continuation of such proceeding impossible or would result in a miscarriage of justice; whether

1

the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the failure to grant the continuance in a case that is not unusual or complex would nonetheless deny counsel the reasonable time necessary for effective preparation. *Id.* § 3161(h)(7)(B). An ends of justice continuance must be specifically limited in time and must be justified on the record by the facts as of the time the continuance is granted. *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). The time is properly excluded only if the court makes findings pursuant to § 3161(h)(7). *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Here, Marron argues that the failure to grant a continuance will result in a miscarriage of justice and deny counsel the reasonable time necessary for effective preparation. *See* § 3161(h)(7)(B)(i), (iv). Marron cites a variety of factors related to the current COVID-19 public health crisis that necessitate a continuance. Most notably, Marron contends that a critical piece of evidence—a fingerprint analysis of drug packaging—has not yet been completed. Counsel maintains that the parties diligently pursued the analysis. However, due to complications from the nationwide pandemic, normal operations at government laboratories have been severely disrupted. It appears that the fingerprint analysis may not be completed for a number of months. Given the importance of this evidence to Marron's case and that the delay in obtaining it is no fault of the parties, an ends of justice

continuance is warranted to avoid a miscarriage of justice and ensure counsel adequate time to prepare a defense. *See* § 3161(h)(7)(B)(i), (iv).

Accordingly, IT IS ORDERED that Marron's motion (Doc. 76) is GRANTED. The trial currently set for July 14, 2020, and all associated deadlines are VACATED.

IT IS FURTHER ORDERED that the following schedule will govern all pretrial procedures in this case:

- Trial Date[1]: **December 7, 2020; 9:00 a.m.**
  Russell Smith Courthouse
  Missoula, Montana

- Motions deadline (including motions in limine): October 22, 2020

- Response deadline: November 5, 2020

- Plea agreement deadline: November 25, 2020

- JERS deadline (*see* ¶ 22): November 30, 2020

- Jury instructions and trial briefs deadline: December 2, 2020

This schedule must be strictly adhered to by the parties. The January 29, 2020 Scheduling Order (Doc. 39) remains in full force and effect in all other respects.

---

[1] **Counsel shall appear in chambers a half hour before the scheduled trial time.**

IT IS FURTHER ORDERED that the time between now and December 7, 2020, is excluded from the calculation of the speedy trial deadline pursuant to 18 U.S.C. § 3161(h)(7).

DATED this __26th__ day of June, 2020.

                                                         14:29 PM

Donald W. Molloy, District Judge
United States District Court