IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>SANTIAGO MARRON,<br><br>Defendant. | CR 20–02–M–DWM<br><br><br><br>ORDER |

Santiago Marron claims a Montana State Court Judge lacked information necessary to establish probable cause to search rooms and a pickup belonging to his apparent sidekick Adan Bedal. There are several problems with Marron's claims, not the least of which is the pounds of methamphetamine the search exposed in Bedal's rooms and truck. Besides these facts, Marron has major legal obstacles in his effort to suppress the drugs the search divulged.

This order addresses three outstanding motions: (1) Marron's motion to suppress, (Doc. 88); (2) Marron's unopposed motion for a continuance, (Doc. 92); and Marron's supplemental motion for a continuance until February 2021, (Doc. 96).

**I.      Motion to Suppress**

1

The Fourth Amendment protects an individual's possessory interests in a place or property interfered with by way of search or seizure. *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). These rights are personal, and an individual must have a possessory interest in the place or property subject to a warrant to have standing to challenge that warrant. *Id.* Here, Marron had no property interest in the hotel rooms or the vehicle that were subject to the search. Consequently, he lacks standing to challenge the warrant. The hotel rooms were rented in Bedal's name, (Doc. 89-1 at 7), and there are no facts to suggest that the vehicle was registered to Marron, (Doc. 95 at 6). Marron has not claimed an ownership interest in the vehicle nor in the contents seized from the vehicle, (*id.*), and it appears that his only connection to the vehicle is that he either rode in the vehicle or drove it from California to Montana when Bedal returned to Kalispell. Thus, though Marron may well have been prejudiced by the evidence gathered as a result of the search, such prejudice does not give him standing to challenge the validity of the warrant. *See Lydall v. City of L.A.*, 807 F.3d 1178, 1186 (9th Cir. 2015).

Even if Marron had standing to challenge the validity of the warrant, the challenge lacks merit because the warrant was supported by sufficient probable cause. A review of the warrant application reveals that the application was founded on agents' personal observations of Bedal, (Doc. 89-1 at ¶¶ 2(a)–5(a)),

and the Confidential Source provided information that was consistent with these observations, (*id.* at ¶ 6(a)).

## II. Motions to Continue

Marron moved to continue the trial until February 2021 due to recent medical events that allegedly render him incapable of assisting in his own defense. (Doc. 96.) Marron is currently in custody, and while in custody he slipped and sustained a head injury in addition to contracting COVID-19. (*Id.* at 2.) Marron apparently is experiencing difficulty focusing, concentrating, and remembering, and he has requested referral for an MRI. (*Id.*) As explained in his motion, these symptoms could be a result of either or both of his recent medical events.

## III. Conclusion

IT IS ORDERED that Marron's motion to suppress, (Doc. 88), is DENIED.

IT IS FURTHER ORDERED that Marron's supplemental motion to continue, (Doc. 96), is GRANTED. The trial set for December 7, 2020, is VACATED, (Doc. 52) and reset for February 16, 2021. The March 19, 2020 Scheduling Order (Doc. 52) is MODIFIED as follows:

The following schedule will govern all pretrial procedures in this case:

- Trial Date[1]: **February 16, 2021; 9:00 a.m.**
  Russell Smith Courthouse
  Missoula, Montana

---

[1] **Counsel shall appear in chambers a half hour before the scheduled trial time.**

3

- Motions deadline (including motions in limine): January 4, 2021

- Response deadline: January 19, 2021

- Plea agreement deadline: February 4, 2021

- JERS deadline (*see* ¶ 22): February 8, 2021

- Jury instructions and trial briefs deadline: February 10, 2021

The parties must strictly adhere to this schedule. The previous Scheduling Orders (Docs. 39, 52) remain in full force and effect in all other respects.

IT IS FURTHER ORDERED that Defendant's initial motion to continue, (Doc. 92), is DENIED as moot.

Dated this 17th day of November, 2020.

Donald W. Molloy, District Judge
United States District Court